THE NEW YORK CENTRAL RAILROAD COMPANY, A COR-
PORATION, AND WEST SHORE RAILROAD COMPANY,
A CORPORATION, PLAINTIFFS, v. COUNTY OF HUDSON
AND THE BERGEN TURNPIKE COMPANY, A CORPORA-
TION, DEFENDANTS.

Submitted January 19, 1937—Decided February 5, 1937.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendant, *J. Emil Walscheid.*

For the plaintiffs, *Wall, Haight, Carey & Hartpence (William W. Shaw).*

BODINE, J.   The complaint alleges that the Bergen Turnpike Company many years ago constructed and thereafter maintained and operated a turnpike in the county of Hudson. Subsequently, a railroad was constructed across the turnpike

in that part of Hudson county, now North Bergen. Thereafter the Turnpike and Railway Company entered into an agreement whereby the Turnpike Company agreed to sell and convey to the Railway Company the right to construct its railroad under the turnpike, the railroad to construct a permanent iron bridge on the turnpike over the railroad, which bridge was to be maintained perpetually by the railroad. The rights of the railroad at last became vested in the plaintiffs, the West Shore Railroad Company as owner and the New York Central Railroad as lessee. Later, the Turnpike Company and the plaintiffs entered into an agreement, whereby it was agreed to strengthen the easterly half of the bridge, so that it might carry street cars to be operated by the Turnpike Company, the cost of the maintenance and repairs being borne one-half by the railroad companies and one-half by the Turnpike Company. Later, the Turnpike Company and the Public Service Railway Company then interested in the street car property conveyed to the county of Hudson the turnpike road as and for a free public road, the deed providing that the county should assume the obligations to control and care for the road as other county roads are controlled and cared for.

The complaint then alleges that the county of Hudson, under its deed, assumed and agreed to perform the obligations of the Turnpike Company under the various agreements pleaded and referred to. The plaintiffs' contention is that the obligations of the Turnpike Company passed by the deed to the county. Plaintiff, having recently had some expenses for repairs to the easterly side of the bridge, now seeks to recover one-half of the cost thereof.

The precise pertinent language of the complaint is as follows: "The covenant contained in the aforesaid agreement dated June 10th, 1902, whereby it was provided that the expense of repairing and maintaining the easterly half of said bridge should be borne one-half by defendant The Bergen Turnpike Company, and the other half by said railroad companies, was *a covenant running with the land,* and passed by the deed aforesaid from the defendant Bergen Turnpike Company and Public Service Railway Company, to the defendant

county of Hudson and said county of Hudson, by the acceptance of said deed, assumed and agreed to perform the obligations of said covenant."

The venue is laid in Essex county, the contention of the complainant being that the action is transitory. The county of Hudson seeking the removal contends that the action is local (under section 201 of the Practice act of 1903, *Comp. Stat., p.* 4113, not repealed by the Practice act of 1912), and that the venue must be laid in Hudson county.

"At common law an action on a covenant concerning land as of warranty was transitory if between the original parties thereto, as in that case the cause of action is founded on privity of contract. But if brought by an assignee of the original covenantee, the action was local. In covenants concerning land, an assignee of the land is a stranger to the personal contract between the parties thereto; he is not privy to it; and the only right he has to maintain an action in his own name for their breach is upon those covenants which 'run with the land,' or in other words, those which follow the interest demised; and hence the action is said to be founded upon privity of estate. The rule in this regard, however, is sometimes changed by statute." 27 *R. C. L.,* § 14, *p.* 793.

"This case cannot be distinguished from that of *Lienow* v. *Ellis,* 6 *Mass.* 331, where it was decided that an action of covenant concerning land, brought by the assignee of the covenantee against the covenantor, was local, and could be maintained only in the county where the land was situate. The same point was decided in the same way in *White* v. *Sanborn,* 6 *N. H.* 220, and *Birney* v. *Haim, Littell,* 262. There is no privity of contract between the plaintiff and the defendants, but merely a privity of estate; and when an action is founded on privity of estate only, it is local, as is shown not only by the above cited cases, but by numerous other books. 1 *Tidd's Pract.* (*1st Amer. ed.*) 373; 1 *Selw. N. P.* (*11th ed.*) 517; 1 *Saund. Pl. & Ev.* (*2d ed.*) 865; *Mayor, &c., of Berwick Upon Tweed* v. *Shanks,* 3 *Bing.* 460." *Clark* v. *Scudder,* 72 *Mass.* 123.

"In general, actions founded upon contracts are transitory, although made and even stipulated to be performed out of the state, for *debitum et contractus sunt nullius loci.* But when the action is founded upon privity of estate it is local, and lies only in the place where the land is. * * * It is very clear, that this action is not founded upon any privity of contract between the parties, but upon privity of estate; and unless the statute of the 32 *Henry VIII, ch.* 34, has been adopted here, and has the effect to transfer the privity of contract to the plaintiff, or the law of locality of actions is changed here, this action is local, and should have been brought in the state where the land lies. Whether the statute of the 32 *Henry VIII* has been adopted here, is a question, not necessary to be decided in this case; because, if it has been adopted, it does not extend to this case. That statute, in its terms, is applicable only to covenants and conditions annexed to estates for life or for years, and not to covenants upon estates in fee or fee tail. *Buller's N. P.* 159. It was decided, soon after the statute was passed, that it did not extend to covenants upon estates in fee. *Cro. Eliz.* 863, *Lewis* v. *Ridge.* And it seems to be now considered as settled, in England, that it is confined, in its operation, to covenants upon estates for life or for years. *Coke Litt.* 215, a,; *Woodf. Land. & T.* 285; *Com. Dig., tit. 'Condition,'* 0, 2; *Buller N. P.* 159." *White* v. *Sanborn, 6 N. H.* 222, 223.

"It is well established that a covenant of warranty runs with the land, and that eviction, actual or constructive, by elder title, constitutes a breach. A cause of action accrues upon the breach to a remote grantee against the original covenantor. The question presented is whether such cause of action is transitory or local. This depends upon the question whether the cause of action is based upon privity of contract or privity of estate. * * * In the case at bar, the action, being by a remote grantee against the original convenantor upon a covenant of warranty, is maintainable only because that warranty runs with the land, and the plaintiff's right depends upon privity of estate; but that estate is situate in Missouri, and the breach, to wit, the eviction by title para-

mount, is evidenced by the judgment obtained in the courts of the State of Missouri, and, while the action is for damages, it accrues by reason of a transaction which could only occur in the state where the land is located. It is thus a local and not a transitory action, and, being so, the courts of this state, upon the foregoing authorities, have no jurisdiction of the subject-matter of the action." *Keys & Marshall Realty Co.* v. *Trustees, &c.,* 131 *N. Y. Supp.* 528, 531. This case was affirmed, 205 *N. Y.* 593.

"That an action brought by the original covenantee is transitory at common law is well settled, while, on the other hand, it is equally well settled that when the action is by a remote grantee it is a real action, and the venue must be laid in the county where the estate lies." *Burt, &c.,* v. *Bailey,* 175 *Fed. Rep.* 137.

Examining the authorities in this state, the first case referred to by the complainant is *Ward* v. *Holmes,* 7 *N. J. L.* 171. For all that appears the action was brought against the original covenantor. In *Clement* v. *Stanger,* 75 *Id.* 287, the action was between lessor and lessee on a covenant—clearly a transitory action because it was on a contract. There is nothing in the case of *Mehrhof* v. *Delaware, Lackawanna and Western,* 51 *Id.* 56, or *Hesselbrock* v. *Burlington County,* 111 *Id.* 177, that suggests that a rule different from that existing at the common law followed in Massachusetts and New York prevails in this state. Whatever rights the plaintiffs have against the county of Hudson arise by virtue of a covenant which may have run with the land. The county is not the original covenantor, so such rights as plaintiffs may have are local and the venue should have been so laid and the venue must now be transferred to the county of Hudson where the land lies.

"There is no power in the court to change the venue in a local action from the county where the lands which are the subject of the action are situated or where the cause of action arose, to another county." *Kroll* v. *Central Railroad Company of New Jersey,* 115 *N. J. L.* 237."